Shaw C. J.
delivered the opinion of the Court. It is objected on the part of the plaintiff, that the defendant’s covenant cannot be controlled or varied, except by an instrument of as high a nature as the indenture itself. The Court, in sustaining the plea, do not feel themselves called upon to question the validity of this principle ; but they think it is not applicable to the present case. The agreements of the intestate set forth in the plea, were subsequent, collateral and independent; they presuppose and affirm the validity and existing terms of the indenture, and do not alter or vary them. They were new and independent agreements as to the manner in which the intestate’s separate interest, under the assignment, should be appropriated by the assignee, agreements which the cestui que trust was competent to make. Though under such an assignment creditors have a joint interest in equity in the property assigned, till distribution is to be made ; yet each has a several interest in the expected dividend, and each may assign over or otherwise direct the disposition of his own share ; and a direction or agreement in writing, though not under seal, is a competent authority to the assignee to make such a disposition.
Besides, there was not in the present case, so wide a departure from the terms of the indenture, as there would have been in directing payment to a stranger, since the intestate was a partner in the house of Andrew Robertson & Co., and he agreed to have the money paid to this partnership, instead of being first applied to the payment of his several debt.
These considerations substantially embrace the second ob *152 jection," namely, that the indenture being joint, all parties must unite to alter it. If the agreement set forth in the plea affected any other interests but those of the intestate, there would be much force in this objection. But as the agreement related solely to the disposal and appropriation of the dividends, each of the cestui que trusts had a right to agree for himself, without the concurrence of the other parties. So far as the rights of others are concerned, they are not drawn in question in this action ; and as against them, should they make a like claim, for aught that appears, the defendant may show a like agreement, on their parts respectively.
It was further objected, that there was no consideration shown for the new agreements.
An obvious answer to this objection is, that these agreements have been executed. The defendant alleges, that he was licensed and authorized by the intestate to pay over the money in a particular way, and that he paid over the money accordingly. No question arises here, as to the rights of those, who ■claimed payment under the agreements, or as to what would have been the rights of the intestate or the defendant, had the former revoked the license and authority given by such agreements, before payment made pursuant to them. In that case the question of consideration would have been material. But as they were in fact executed, it is not now necessary, as between these parties, to show a consideration.

Plea adjudged good.